## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Felix Maroto et al.

v.

Walter Weddle, etc.

July 21, 1986

Case No. (Law) 2435

By JUDGE H. CALVIN SPAIN

This matter was heard on May 2nd, 1985, with respect to the Plea of Statute of Limitations filed by the defendant. A pretrial memorandum of law was filed by the plaintiff and testimony was heard from various witnesses on behalf of the defendant. Exhibits were admitted as a part of the evidence, including answers to interrogatories by the plaintiffs. After hearing all of the evidence, the Court took the matter under advisement and requested additional briefs from the plaintiffs and defendant.

The Court, now having read the transcript of the evidence presented at the May 2nd hearing, having reviewed the contents of the file in great detail, and reviewed the case law as cited by the parties, concludes that the defendant's Plea of the Statute of Limitations should be sustained.

The reasons for the Court's holding are two-fold: (1) No matter which Statute of Limitations is applicable, the same has not been tolled by the allegations of fraud; and (2) Section 8.01-250 is an *absolute* bar.

With respect to the fraud allegations, accepting all as being true, the nature of that fraud cannot, in the minds of reasonable men, be of that magnitude to meet the test: "The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for

the exception to apply." *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 840 (1954). *Culpeper Nat'l Bank v. Tidewater Improvement Co.* 119 Va. 73 (1916). In fact, the "difficulty in ascertaining the existence of a cause of action is irrelevant." *Virginia Military Institute v. King*, 217 Va. 751, 759 (1977).

With respect to Section 8.01-250, *Virginia Military Institute v. King, supra*, is dispositive. The Court said at page 758 that the purpose of Section 8.01-250 is "to establish an arbitrary termination date after which no litigation of the type specified may be initiated." Further reading of the case only reenforces the *repose* nature of the statute despite the inequities that may arise.